UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LADAVIA LAW | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-1515(JCH) |
| CITY OF ANSONIA, | : | |
| OFFICER W. DICICCO, | : | |
| OFFICER P. LAWLESS | : | |
|     Defendants. | : | NOVEMBER 20, 2005 |

**RULING RE PLAINTIFF'S MOTION TO REMAND [DKT. NO. 8]**

The plaintiff, Lavadia Law, has moved to remand this action to Connecticut Superior Court, in which it was originally brought. In her complaint, Law has asserted claims for negligence, indemnification, and an excessive force claim under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. Law's claims arise out of injuries allegedly sustained by Law's decedent, James Law, in the process of being transported to a police station by the defendants, Officers W. Dicicco and P. Lawless. The defendants removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis that this court has original jurisdiction over the federal civil rights claim under 28 U.S.C. §§ 1331 and 1343(3) and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.[1]  Notice of Removal [Dkt. No. 1].

Law moves to remand this action in its entirety on the basis of subject matter jurisdiction, arguing, <u>inter alia</u>, that the "crux" of the plaintiff's complaint lies in negligence, and thus the district court lacks subject matter jurisdiction over the action.

---

[1] The defendants have also removed this action pursuant to 28 U.S.C. § 1443. However, section 1443 does not appear to provide a proper basis for removal in this action.

For obvious reasons, Law's argument fails.  This court clearly has original jurisdiction over the federal civil rights claim pursuant to sections 1331 and 1343(3), and thus removal of the federal civil rights claim was proper under section 1441(a).  Law's state law claims also arise out of the same factual predicate as her federal law claim, thus establishing a basis for supplemental jurisdiction over the state law claims under section 1367(a).  Neither sections 1441(a) or 1367(c)(2), which grants districts courts the discretion to decline supplemental jurisdiction over state law claims which substantially predominate over federal claims in a removed action, provide a basis for remanding federal claims properly removed under section 1441(a).  See In re City of Mobile, 75 F.3d 605, 607 (11th Cir. 1996)("Section 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to state court a case that includes a properly removed federal claim"); Borough of West Millfin v. Lancaster, 45 F.3d 780, 787 (3d Cir. 1995)("[N]othing in § 1367(c) authorizes a district court to decline to entertain a claim over which is [sic] has original jurisdiction . . . ."); 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367.1 (Supp. 2005)("Section 3567(c) does not allow the federal court to dismiss the federal claims of which it has jurisdiction without regard to the supplemental-jurisdiction statute.").  Thus, Law's argument that the court lacks subject matter jurisdiction and should remand the entire case is without merit.

To the extent that Law's motion can be read as moving the court to decline to exercise supplemental jurisdiction over Law's state law claims under section 1367(c), the motion is similarly without merit.  To decline supplemental jurisdiction under section 1367(c), the district court must first identify one of the factual predicates which

correspond to the four categories described in 1367(c), and, secondly, determine whether the exercise of discretion is appropriate, given the values of judicial economy, convenience, fairness, and comity.  Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 446 (2d Cir. 1998).  Law's argument that the basis of the complaint is in negligence most closely resembles section 1367(c)(2), which, as described above, gives district courts discretion to decline supplement jurisdiction where the state law claims "substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  This provision may be invoked only when "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog."  Occunomix International LLC v. North Ocean Ventures, Inc., No. 03-Civ-6047(GEL), 2003 WL 22240660, at *1 (S.D.N.Y. Sept. 30, 2003)(quoting Borough of West Mifflin, 45 F.3d at 789).  "[C]ourts consider 'whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims."  Id.  (quoting Diven v. Amalgamated Transit Union Int't & Local 689, 38 F.3d 598, 601 (D.C. Cir. 1994); see also SST Global Technology, LLC v. Chapman, 270 F.Supp.2d 444, 456 (S.D.N.Y. 2003)("Courts in this circuit have found that state claims predominate over federal claims where the federal claims where the federal claims involve a technical or other issue that is peripheral to the state claims.").

     Here, Law's excessive force claim under federal law cannot be said to be merely peripheral to her negligence and indemnification claims, which are also based on the allegation that the defendants used excessive force in the process of transporting James Law.  The proof, the standards of care, and the remedies sought, are likely to be

-3-

identical for both the federal and state law claims.  See STT Global, at 456.  Thus the court finds that it does not have a basis for declining supplemental jurisdiction over the state law claims pursuant to section 1367(c)(2).

For the foregoing reasons, the plaintiff's Motion to Remand [Dkt. No. 8] is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of November, 2005.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge